UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MATTHEW GEBERT,**<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF STATE,**<br><br>Defendants. | Civil Action No. 25-2180 |

### RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Matthew Gebert hereby responds to the Court's August 11, 2025 Order to Show Cause why 1) the cover sheet did not note that there was a related case and 2) the case should not be transferred to Judge Friedrich as related to *Gebert v. Dept. of State*, No. 22-cv-2939 (DLF). The reason as explained more fully below is that this new case relates to a new Freedom of Information Act (FOIA) and Privacy Act requests that were submitted in 2025, which are wholly different from the requests that are the subject of the 2022 case.

The previous case, No. 22-cv-2939, relates to FOIA and Privacy Act requests submitted to Defendant in 2020. In the 2022 complaint, Plaintiff challenged the Defendants' basis for their employment-related actions were based on violating Plaintiff's: (1) First Amendment protections of free speech; (2) unequal enforcement of SEAD 4, Security Clearance Guidelines; (3) freedom of association; (4) freedom of assembly; (5) due process; (6) First Amendment retaliation; and (7) violating the Administrative Procedures Act by failing to follow their own rules and regulations.

The current case is about the 2025 FOIA and Privacy Act requests and Defendant's failure to respond in a timely manner. Specifically, this case alleges 1) Defendant did not obtain

a signed Privacy Act Statement, pursuant to 5 U.S.C. § 552a(e)(3), 2) a Violation of the Privacy Act, 5 U.S.C. § 552a(e)(3) for collecting information that is not contained in the ODNI's System of Records Notice Act (SORN), 3) a violation of the Privacy Act, 5 U.S.C. § 552a(e)(7) for collecting First Amendment information without proper authority, and 4) improper sharing of information under the routine use provision of 5 U.S.C. § 552a(b)(3) and 5 U.S.C. § 552a(b)(7). Plainly, these are issues that are independent of the 2022 case. This case, unlike the 2025 case, does not raise any issues pertaining to Plaintiff's security clearance. This case is about actions taken after the 2022 FOIA and Privacy Act requests. In other words, this case is about a completely different set of documents and actions by the Defendant.

A decision from this court dated September 11, 2024, appears directly on point and supports the reasoning of the Plaintiff, *Wonders v. Dep't of the Army Office of Gen. Couns.*, No. 1:23-cv-02770 (TNM), 2024 U.S. Dist. LEXIS 163259 (D.D.C. Sep. 11, 2024). In *Wonders*, the plaintiff made FOIA requests in 2012 and 2014 but failed to appeal the Army's response to either request. *Id*. at *2. Then, much like Plaintiff in this matter with his 2025 request to the Department of State, the plaintiff in *Wonders* then "tried again with a fresh FOIA request in 2022." *Id*. The Army in that case responded saying it was, "taking no action on [the] request, as it is a duplicate of previous FOIA requests [Wonders] made in 2012 and 2014." *Id*. at 3. However, the plaintiff properly and timely appealed this request to the OGC, but their office denied the appeal, "concluding that the Army had followed its policy 'on duplicate requests.'" *Id*. Then the appellate authority informed the plaintiff he could "seek judicial review of this determination in the federal court system in accordance with the FOIA, 5 U.S.C. § 552(a)(4)(B)." *Id*.

The *Wonders* court stated, "And the rule the Army advocates—that failure to fully

exhaust an initial FOIA request forever bars the requester from obtaining those materials—is a harsh sanction unsupported by statute, precedent, or logic. So the Court will alternatively examine… Wonders' 2022 request on the merits." *Wonders*, at * 12.

The *Wonders* decision is not the only decision from this court on this question. In *Haleem v. Department of Defense*, 2024 U.S. Dist. LEXIS 228417 * (D.D.C. Dec. 18, 2024), the court similarly held that separate FOIA and Privacy Act requests should be reviewed independently, even when the same documents are being sought. The court found:

> Here, Haleem did not submit a timely appeal following the Department's 2022 decision but instead, a year later, filed a duplicative request for the withheld and redacted documents. *See* Heaton Decl., ¶16. Defendants were then given an opportunity to review their withholdings and redactions, which they did not do, and instead denied the request without acting. *See* Pl. Resp. to SUMF, ¶21. Plaintiff appealed that decision, but the agency again declined to review its withholdings. See id., ¶23; Ltr. from Assoc. Deputy General Counsel to Pl., Sept. 28, 2023 (taking no action on request "due to the request being a duplicate of [the] original request"). He has thus exhausted his administrative remedies in relation to his 2023 request, and his claims can be assessed on the merits.

*Haleem*, at *12.

Here, the requests underlying *Gebert v. Department of State*, Civ. A. No. 25-2180 are new FOIA and Privacy Act requests, filed years after the request that is the subject of the 2022 lawsuit. And as discussed above, there are different violations of law that are the subject of this case that were not part of the original case. Therefore, there are completely different facts and legal issues concerning the two cases.

For the above-mentioned reasons, the Plaintiff requests that this case not be transferred and that the cover sheet did not list a related case because the two cases are in fact not related and involve separate FOIA and Privacy Act requests and other violations of federal law.

Dated:  August 15, 2025 	Respectfully submitted,

*/s/ Brett J. O'Brien*
Brett J. O'Brien
Bar 1753983
NATIONAL SECURITY LAW FIRM
1250 Connecticut Ave, STE 700
Washington, DC 20036
202-600-4996